NOT FOR PUBLICATION [98,99]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: COMPLAINT OF WEEKS MARINE, INC. AS OWNER OF THE WEEKS 263 LOADLINE DECK BARGE, WEEKS 272 CARFLOAT AND WEEKS 254 GANTRY CRANE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : : : : : : : | Civil Action No. 04-0494 (FLW)<br><br>OPINION |

**WOLFSON, UNITED STATES DISTRICT JUDGE**

Before the Court are (1) the Motion for Summary Judgment filed by Defendant Hill International, Inc. ("Hill") on the Cross-Claim of Plaintiff South Jersey Port Corporation ("SJPC"), the Cross-Claim for Contribution and Indemnity of S.T. Hudson Engineers, Inc. ("Hudson"), and the Counter-Claim for Contribution and Indemnity of the Home Port Alliance for the U.S.S. New Jersey ("HPA"); and (2) the Motion for Summary Judgment filed by Plaintiff Weeks Marine, Inc. ("Weeks Marine") on the Claim of SJPC, the Cross-Claim for Contribution and Indemnity of Hudson, the Claim for Contribution and Indemnity of Hill, and the Cross-Claim for Contribution and Indemnity of HPA. For the reasons that follow, Hill's Motion for Summary Judgment and Weeks Marine's Motion for Summary Judgment are granted.

**I.    BACKGROUND**

This case arises out of the 2001 partial collapse of the Beckett Street Marine Terminal ("Beckett Street Terminal"), which is operated by SJPC. Following the collapse, SJPC filed an

1

insurance claim with its carrier, Lexington Insurance Company ("Lexington"), for losses totaling $14,716,328. After an initial coverage dispute, SJPC filed a declaratory action against Lexington which was later resolved by a written settlement pursuant to which Lexington paid SJPC $7,315,926 for its damages associated with the Becket Street Terminal collapse. As part of the settlement, Lexington purported to assign to SJPC Lexington's right to pursue an action in subrogation against any third-party tortfeasor responsible for SJPC's damages.

Subsequently, in this case, SJPC filed claims against various parties, some of whom responded with counter-claims and cross-claims. On April 5, 2004, SJPC filed a Claim against Weeks Marine for strict liability, negligence, trespass, and nuisance. Hudson, Hill, and HPA also filed Claims and Cross-Claims for Contribution and Indemnity against Weeks Marine. On July 13, 2004, SJPC filed a Cross-Claim against Hudson for negligence, breach of contract, trespass, and nuisance, and a Cross-Claim against Hill for negligence, trespass, and nuisance.

On September 27, 2005, Hudson filed a motion for summary judgment on the Cross-Claim of SJPC. On June 30, 2006, I filed an Opinion in which I made several findings of fact and conclusions of law.[1] First, I concluded that SJPC retained an independent right of action against Hudson or any other tortfeasor to recover such damages not already compensated by Lexington's $7,315,926 insurance payment, assuming the existence of such damages. Additionally, I found that Lexington's assignment of its subrogation rights to SJPC was not of the variety typically prohibited under New Jersey law. However, I concluded that the purported assignment was invalid on the facts presented because it would position SJPC to receive a double

---

[1] On August 1, 2006, I filed an Amended Opinion and entered an Amended Order in which I memorialized certain editing changes to my original Opinion.

recovery for its demonstrated losses, in violation of a basic principle of equity and a fundamental concept underlying the doctrine of subrogation. Finally, I found that SJPC had failed to present competent evidence of the existence of any losses not already compensated by Lexington's $7,315,926 payment. On that basis, I concluded that SJPC had been fully compensated and that any additional recovery for damages associated with the Becket Street Terminal Collapse – whether the product of an independent tort action by SJPC against Hudson, or as an assertion of Lexington's subrogation rights – would result in a double recovery, barred by general equitable principles. Accordingly, I granted Hudson's Motion for Summary Judgment on SJPC's Cross-Claim.

On July 6, 2006, Hill filed a Motion for Summary Judgment on SJPC's Cross-Claim, Hudson's Cross-Claim for Contribution and Indemnity, and HPA's Counter-Claim for Contribution and Indemnity. On July 7, 2006, Weeks Marine filed a Motion for Summary Judgment on SJPC's Claim, Hudson's Cross-Claim for Contribution and Indemnity, Hill's Claim for Contribution and Indemnity, and HPA's Cross-Claim for Contribution and Indemnity of HPA. SJPC filed its Opposition to the Motions for Summary Judgment of Hill and Weeks Marine on July 21, 2006.

On July 10, 2006, SJPC filed a motion for reconsideration of my June 30, 2006 Opinion and Order. In addition, SJPC filed an appeal of my June 30, 2006 Order with the United States Court of Appeals for the Third Circuit on July 28, 2006. On September 2, 2006, the Third Circuit filed an Order staying SJPC's appeal pending the outcome of the motion for reconsideration. On September 29, 2006, I denied SJPC's motion for reconsideration.

II.     **DISCUSSION**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.  The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In support of its Motion for Summary Judgment, Hill relies on Hudson's Brief and Reply Brief in Support of Hudson's Motion for Summary Judgment, the Court's August 1, 2006 Opinion and Order granting Hudson's Motion for Summary Judgment, and Hudson's Opposition to SJPC's Motion for Reconsideration.[2]  In support of its Motion for Summary Judgment, Weeks Marine relies on the Court's August 1, 2006 Opinion.  In its August 1, 2006 Opinion, the Court found that SJPC had failed to raise a material factual dispute as to Hudson's assertion that Lexington's $7,315,926 insurance payment fully compensated SJPC for all of its losses from the

---

[2]Although Hill's and Weeks Marine's Motions for Summary Judgment rely on my June 30, 2006 Opinion and Order, I construe them as relying on my August 1, 2006 Amended Opinion and Order.

Beckett Street Terminal Collapse. The Court thus found that SJPC was not entitled to any additional recovery arising from the Beckett Street Terminal Collapse because SJPC had already been fully compensated for its losses and any further recovery – whether as an independent tort action or as an assertion of Lexington's subrogation rights – would constitute a double recovery, in violation of general equitable principles.

In its Opposition to Hill's and Weeks Marine's Motions for Summary Judgment, SJPC argues that the Court erred in finding that (1) SJPC had been fully compensated by the Lexington insurance payment and (2) Lexington's assignment of its subrogation rights was therefore invalid. SJPC further argues that the collateral source rule does not allow Hill and Weeks Marine to avoid payment because of Lexington's insurance payment, and that summary judgment is improper because it would extinguish all rights of recovery by SJPC and Lexington.

The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Arizona v. California, 460 U.S. 605, 618 (1983). However, law of the case doctrine does not preclude a court from considering a decision made in an earlier stage of a case when (1) there has been an intervening change in the law, (2) new evidence has become available, or (3) reconsideration is necessary to prevent clear error and manifest injustice. In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998). Here, the issue of whether SJPC has been fully compensated for losses arising out of the Beckett Street Terminal Collapse, and whether Lexington's assignment of its subrogation rights to SJPC is therefore invalid, has already been decided by the Court. In its August 1, 2006 Opinion, the Court held that there was no material factual dispute that Lexington's payment to SJPC fully compensated SJPC for all of

5

its losses arising from the Beckett Street Terminal Collapse.  The Court also found that SJPC could not pursue further recovery of damages arising from the Beckett Street Terminal Collapse, since any such recovery would constitute double recovery.  Furthermore, in denying SJPC's motion for reconsideration on September 29, 2006, the Court found that SJPC had not presented any evidence not previously available, nor had SJPC provided any controlling law not already considered by the Court or shown that the Court's ruling constituted a clear error of law or manifest injustice.  The Court thus upheld its earlier determination that SJPC had been fully compensated by the Lexington insurance payment.  The Court further stated that SJPC could not prevail on its additional arguments in support of reconsideration because of the Court's finding that SJPC had been fully compensated.  Therefore, under the law of the case, the Court has already found that SJPC cannot pursue further recovery for losses arising from the Beckett Street Terminal Collapse.  The Court thus finds that SJPC has failed to raise a genuine issue of material fact in connection with Hill's and Weeks Marine's respective motions for summary judgment.

### III.   CONCLUSION

For the foregoing reasons, the Motions for Summary Judgment of Hill and Weeks Marine are granted.



/s/ Freda L. Wolfson

The Honorable Freda L. Wolfson
United States District Judge

Date:   October 17, 2006