NOT FOR PUBLICATION [115]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
IN RE: COMPLAINT OF WEEKS               :    Civil Action No. 04-0494 (FLW)
MARINE, INC. AS OWNER OF THE            :
WEEKS 263 LOADLINE DECK BARGE,          :    OPINION
WEEKS 272 CARFLOAT AND WEEKS            :
254 GANTRY CRANE, FOR                   :
EXONERATION FROM OR                     :
LIMITATION OF LIABILITY                 :
_____  :

**WOLFSON, UNITED STATES DISTRICT JUDGE**

Before the Court is the Motion for Sanctions against South Jersey Port Corporation ("SJPC") filed by S.T. Hudson Engineers, Inc. ("Hudson") on August 7, 2006. For the reasons that follow, Hudson's Motion for Sanctions is denied.

**I.    BACKGROUND**

This case arises out of the 2001 partial collapse of the Beckett Street Marine Terminal ("Beckett Street Terminal"), which is operated by SJPC. Following the collapse, SJPC filed an insurance claim with its carrier, Lexington Insurance Company ("Lexington"), for losses totaling $14,716,328. After an initial coverage dispute, SJPC filed a declaratory action against Lexington which was later resolved by a written settlement pursuant to which Lexington paid SJPC $7,315,926 for its damages associated with the Becket Street Terminal collapse. As part of the settlement, Lexington purported to assign to SJPC Lexington's right to pursue an action in subrogation against any third-party tortfeasor responsible for SJPC's damages.

1

Subsequently, in this case, SJPC filed claims against various parties, some of whom responded with counter-claims and cross-claims.  On April 5, 2004, SJPC filed a Claim against Weeks Marine for strict liability, negligence, trespass, and nuisance.  Hudson, Hill, and HPA also filed Claims and Cross-Claims for Contribution and Indemnity against Weeks Marine.  On July 13, 2004, SJPC filed a Cross-Claim against Hudson for negligence, breach of contract, trespass, and nuisance, and a Cross-Claim against Hill for negligence, trespass, and nuisance.

On September 27, 2005, Hudson filed a motion for summary judgment on the Cross-Claim of SJPC.  On June 30, 2006, I filed an Opinion in which I made several findings of fact and conclusions of law.[1]  First, I concluded that SJPC retained an independent right of action against Hudson or any other tortfeasor to recover such damages not already compensated by Lexington's $7,315,926 insurance payment, assuming the existence of such damages.  Additionally, I found that Lexington's assignment of its subrogation rights to SJPC was not of the variety typically prohibited under New Jersey law.  However, I concluded that the purported assignment was invalid on the facts presented because it would position SJPC to receive a double recovery for its demonstrated losses, in violation of a basic principle of equity and a fundamental concept underlying the doctrine of subrogation.  Finally, I found that SJPC had failed to present competent evidence of the existence of any losses not already compensated by Lexington's $7,315,926 payment.  On that basis, I concluded that SJPC had been fully compensated and that any additional recovery for damages associated with the Becket Street Terminal Collapse – whether the product of an independent tort action by SJPC against Hudson, or as an assertion of

---

[1] On August 1, 2006, I filed an Amended Opinion and entered an Amended Order in which I memorialized certain editing changes to my original Opinion.

Lexington's subrogation rights – would result in a double recovery, barred by general equitable principles.  Accordingly, I granted Hudson's Motion for Summary Judgment on SJPC's Cross-Claim.

On July 6, 2006, Hill filed a Motion for Summary Judgment on SJPC's Cross-Claim, Hudson's Cross-Claim for Contribution and Indemnity, and HPA's Counter-Claim for Contribution and Indemnity.  On July 7, 2006, Weeks Marine filed a Motion for Summary Judgment on SJPC's Claim, Hudson's Cross-Claim for Contribution and Indemnity, Hill's Claim for Contribution and Indemnity, and HPA's Cross-Claim for Contribution and Indemnity of HPA.  Both Hill and Weeks Marine moved for summary judgment based on my August 1, 2006 Opinion granting Hudson's Motion for Summary Judgment.[2]  On October 17, 2006, I granted Hill's and Weeks Marine's Motions for Summary Judgment.

On July 10, 2006, SJPC filed a motion for reconsideration of my June 30, 2006 Opinion and Order.  In addition, SJPC filed an appeal of my June 30, 2006 Order with the United States Court of Appeals for the Third Circuit on July 28, 2006.  On September 2, 2006, the Third Circuit filed an Order staying SJPC's appeal pending the outcome of the motion for reconsideration.  On September 29, 2006, I denied SJPC's motion for reconsideration.

On August 7, 2006 Hudson filed a Motion for Sanctions against SJPC.  SJPC filed its Opposition to Hudson's Motion for Sanctions on August 22, 2006.[3]

---

[2] Although Hill's and Weeks Marine's Motions for Summary Judgment rely on my June 30, 2006 Opinion and Order, I construe them as relying on my August 1, 2006 Amended Opinion and Order.

[3] As an attachment to its Opposition, SJPC submitted an August 21, 2006 letter report from Professor Geoffrey C. Hazard, Jr. in which Professor Hazard opines on Hudson's Motion for Sanctions.  The Court notes the possible impropriety of this submission, and further notes that

**II.     DISCUSSION**

Rule 11 allows for "the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Spring Creek Holding Co., Inc. v. Keith, 2006 WL 2715148 (D.N.J. 2006) (quoting Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994)).  Rule 11 sanctions are based on "an objective standard of reasonableness under the circumstances."  Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995) (quoting Landon v. Hunt, 938 F.2d 450, 453 n.3 (3d Cir. 1991)).  The imposition of Rule 11 sanctions is reserved for only exceptional circumstances in which the claim or motion is patently unmeritorious or frivolous.  Ford Motor Co. v. Summit Motor Prods., 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted).  Therefore, in considering a motion to impose sanctions under Rule 11, the Court must determine that (1) the claims are objectively frivolous and (2) the person who signed the pleadings or other papers should have been aware that they were frivolous.  Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

In the instant matter, Hudson contends that SJPC violated Rule 11 by filing and continuing to pursue claims that it knew or should have known were meritless, since SJPC had already been fully compensated by the Lexington insurance payment and the law is clear that an insured party cannot obtain a double recovery.  Hudson argues that even if SJPC was not aware that its claims were meritless upon filing, SJPC was made aware of this when Hudson filed its

---

the purpose of the submission is not clear.  SJPC cannot rely on Professor Hazard's letter report to justify its actions throughout this litigation since the letter report was written after SJPC had taken such actions.  Moreover, should SJPC be submitting this letter report as an expert opinion to assist the Court in deciding the present motion, the Court is not in need of any such opinion and will not consider this submission.

4

motion for summary judgment on September 27, 2005, and again when Hudson made a demand on SJPC to dismiss its claims on October 7, 2005.

I granted Hudson's motion for summary judgment based on my finding that SJPC had been fully compensated by the Lexington insurance payment and that any additional recovery for damages associated with the Beckett Street Terminal Collapse would result in a double recovery, barred by general equitable principles.  Although I did not agree with SJPC's arguments on the issue of double recovery, I cannot find that SJPC's allegations were patently unmeritorious or frivolous.  Indeed, SJPC succeeded on certain legal arguments in its opposition to Hudson's summary judgment motion, namely, that Lexington's assignment of its subrogation rights to SJPC was not of the variety typically prohibited under New Jersey law, and that SJPC retained an independent right of action against Hudson or any other tortfeasor to recover such damages not already compensated by the Lexington insurance payment, should such damages exist.  Moreover, although I granted summary judgment based on the double recovery issue, the parties' briefing addressed other arguments at length, with the double recovery issue receiving the least attention from the parties in their briefing.  Because SJPC could have honestly believed that it was entitled to further recovery through an independent action or through Lexington's assignment of its subrogation rights, I do not find that this is the type of case that warrants the severity of Rule 11 sanctions.

### III.   CONCLUSION

For the foregoing reasons, Hudson's Motion for Sanctions is denied.

                 /s/ Freda L. Wolfson

                 The Honorable Freda L. Wolfson
                 United States District Judge

Date: October 19, 2006